UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IMELDA TREVINO-GARCIA, | )<br>) |
| Plaintiff, | )<br>) |
| VS. | ) Civil Action No: SA-09-CA-0572-XR<br>) |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER – SCHOOL OF MEDICINE, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**ORDER**

On this date, the Court considered the status of this case, various filings and motions by Plaintiff, and Defendant's Motion to Dismiss or, in the alternative, for More Definite Statement.

**I. Background**

Plaintiff Imelda Trevino-Garcia filed a motion to proceed *in forma pauperis*, a proposed complaint, and motion for appointment of counsel on July 15, 2009. The motions were referred to Magistrate Judge Pamela Mathy for disposition. Judge Mathy granted the motion to proceed *in forma pauperis* but denied the motion for appointment of counsel, noting that appointment of pro bono counsel requires exceptional circumstances and that Plaintiff appeared capable of representing herself.

On August 11, 2009, Defendant filed a motion to dismiss or, in the alternative, for more definite statement. Therein, Defendant asserts that Plaintiff has not exhausted her administrative remedies on her claims other than the Title VII (national origin), ADEA, and ADA claims, and that the ADEA and ADA claims are barred by Eleventh Amendment immunity. Thus, Defendant asserts

1

that Plaintiff's only remaining claim is her Title VII claim, but it "is not supported by any facts" and should be re-pled. Plaintiff did not respond to the motion.

On August 13, this Court issued its "Order and Advisory," which ordered Plaintiff to confer with Defendant as required by Federal Rule of Civil Procedure 26 and Local Rule CV-16(c) to submit a proposed scheduling order for the Court's consideration by September 15, 2009. On September 15, 2009, Defendant filed a proposed scheduling order, noting that it had attempted to confer with Plaintiff but had been unsuccessful. This Court entered a scheduling order on September 16, 2009.

## II. Plaintiff's Motions and Filings

In a letter to the Court dated September 21, Plaintiff states that she did not understand why she was supposed to respond to the Defendant's attorney or why the Attorney General's office is representing the Defendant.[1] Further, in a letter to the Court dated September 24, apparently prepared with the assistance of Plaintiff's brother-in-law, Plaintiff states that she was confused regarding Defendant's attempts to communicate with her, believing that Defendant had an "ulterior motive." Plaintiff also requests that the Court alter the deadlines in the scheduling order, noting in her September 15 letter that she did not have enough time to meet the deadlines because she was "not sure what [the scheduling order provisions] mean" and asking more specifically in her September 24 letter that the November 9, 2009 deadline to file her designation of potential witnesses and exhibits and serve the materials regarding experts be extended to December 13. The Court

---

[1] The Texas Attorney General is the lawyer for the State of Texas and is required by the Texas Constitution to represent the State in litigation. Public universities are typically considered arms of the state. *United Carolina Bank v. Board of Regents*, 665 F.2d 553, 557 (5th Cir. 1982). The UT System is an arm of the State of Texas, and thus it is represented in this litigation by the Texas Attorney General's office.

denies the request to alter the scheduling order deadlines at this time. If Plaintiff is unable to meet a deadline, Plaintiff should move for an extension before the expiration of the deadline and explain why she is unable to meet the deadline.

Plaintiff repeatedly asks the Court to reconsider its order denying her motion for appointment of counsel. However, this Court will appoint counsel only when the case presents "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Plaintiff's resume indicates that she is a well-educated person who, until she was terminated in November 2008, was working as the Director of Alumni Affairs at UT Health Science Center San Antonio. Though Plaintiff asserts a lack of legal training and an inability to understand legal terminology, this does not differentiate her from most other *pro se* plaintiffs, who typically have much less education than Plaintiff. Accordingly, Plaintiff fails to demonstrate extraordinary circumstances warranting appointment of counsel at this time. Should this case proceed beyond the pretrial stage, the Court may reconsider whether to appoint counsel for trial purposes, however. In the meantime, Plaintiff is ORDERED to familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules, and is encouraged to obtain a copy of the pro se manual available from this Court's website at http://www.txwd.uscourts.gov/forms/default.asp?#civil if she has not already done so.

All other relief requested from the Court by Plaintiff in docket nos. 15, 16, 17, and 18, including specifically the motion to convert this case to a class action and to assign a non-lawyer to assist Plaintiff with her case, is denied.

**III. Defendant's Motion to Dismiss or, in the alternative, for More Definite Statement**

Defendant filed this motion on August 11, 2009, and Plaintiff has not responded. The Court will address each of Defendant's arguments separately.

**A. Eleventh Amendment immunity**

Defendant moves for dismissal of Plaintiff's ADEA and ADA claims against it on the basis of Eleventh Amendment immunity. This claim has merit.

Sovereign immunity under the Eleventh Amendment operates to protect States from private lawsuits in the federal courts. "It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver." *Sullivan v. University of Tex. Health Science Ctr. at Houston*, 217 Fed. App'x 391 (5th Cir. 2007); *see also Butcher v. U.T. Health Science Ctr. at Houston*, 2008 WL 4935723 (S.D. Tex. 2008) ("The Fifth Circuit has consistently found that the University of Texas, and its health institutions, are protected by sovereign immunity.").

In *Kimel v. Florida Board of Regents*, 528 U.S. 62, 83-84 (2000), the Supreme Court held that the ADEA does not abrogate Eleventh Amendment immunity, and Plaintiff has articulated no basis for finding that Defendant has waived its immunity. Therefore, Plaintiff's ADEA claim against UTHSC-San Antonio is barred by sovereign immunity, and this Court lacks jurisdiction over this claim.

Further, the Supreme Court held in *Board of Trustees of the University of Alabama, et al. v. Garrett*, 531 U.S. 356 (2001), that the Eleventh Amendment bars private suits seeking money damages for a state's violations of Title I of the ADA, which includes its employment provisions. Thus, Plaintiff's ADA claim against Defendant UTHSC is barred by Eleventh Amendment immunity, and this Court lacks jurisdiction over this claim.

**B. Failure to Exhaust Administrative Remedies**

Defendant asserts that because Plaintiff exhausted only her Title VII (national origin), ADEA

and ADA claims, her other claims should be dismissed for failure to exhaust her administrative remedies before filing this lawsuit. The allegedly unexhausted claims include Plaintiff's claims under the Equal Pay Act ("EPA"), the Rehabilitation Act of 1973, Executive Order 11246, the Fair Labor Standards Act ("FLSA"), and the Freedom of Information Act ("FOIA").

Defendant cites to no authority to support its claim that Plaintiff was required to exhaust these claims with the EEOC or its state equivalent, the Texas Workforce Commission, or in some other manner, before filing suit. "In contrast to causes of action brought under Title VII and the ADEA [and the ADA], Equal Pay Act claims do not require exhaustion of administrative remedies." *Stith v. Perot Systems Corp.*, 122 Fed. App'x 115, 119 (5th Cir. 2005) (citing *County of Washington v. Gunther*, 452 U.S. 161, 175 n.14 (1981)). Defendant's motion is denied without prejudice, subject to reurging should Defendant come forth with applicable legal precedent.[2]

## C. Motion for More Definite Statement of Title VII Claim

Defendant moves to dismiss Plaintiff's Title VII national origin discrimination claim for failure to state a claim. In the alternative, Defendant moves the Court to order Plaintiff to provide a more definite statement of her claim.

### 1. Rule 12(b)(6) standard of review

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

---

[2] The Court notes, however, that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, applies only to information held by federal agencies, and does not apply to information requests from the state or its agencies, such as Defendant. *See, e.g.*, *Moreno v. Curry*, 2007 WL 4467580 (5th Cir. 2007); *Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir . 2004). The Public Information Act, Texas Government Code chapter 552 (formerly known as the Texas Open Records Act), applies to information requests from state agencies. In addition, to the extent Plaintiff seeks information related to her case from Defendant, Plaintiff may utilize the discovery procedures available to her, such as requests for production under Federal Rule of Civil Procedure 34.

dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.*

**2. Motion for More Definite Statement standard of review**

Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." Thus, the relief sought in a motion for more definite statement is further factual specificity in the complaint so that the defendant may prepare an answer.

**3. Analysis**

To establish a prima facie case of national origin discrimination, a plaintiff must show: "(1) plaintiff is a member of a protected class; (2) plaintiff is qualified for the position; (3) plaintiff suffered an adverse employment action, and (4) plaintiff was replaced with a person who is not a member of the protected class." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Ultimate employment decisions, such as granting leave and discharge, satisfy the adverse employment action element. *Banks v. East Baton Rouge Parish School Bd.*, 320 F.3d 570, 576 (5th

Cir. 2003).

Plaintiff has sufficiently stated her Title VII claim. She alleges that she is Hispanic/Latina/Mexican, that she was qualified for the position, that she did not receive raises and that she was terminated, that the alleged reason for her termination that she was "not a good fit" was a pretext for discrimination, and that she was replaced with an Anglo. Defendant's Motion to Dismiss under Rule 12(b)(6) and alternative Motion for More Definite Statement with regard to the Title VII claim are denied.

## Conclusion

Plaintiff's Motions contained in docket nos. 15, 16, 17, and 18 are DENIED.

Defendant's Motion to Dismiss and/or Motion for More Definite Statement (docket no. 9) is GRANTED IN PART such that Plaintiff's ADEA and ADA claims against Defendant UTHSC-School of Medicine are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Defendant's motion is otherwise DENIED.

It is so ORDERED.

SIGNED this 19th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE