UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IMELDA TREVINO-GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: SA-09-CA-0572-XR |
| | ) |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER – SCHOOL OF MEDICINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On this date, the Court considered various matters arising in this case, including Defendant's First Amended Motion to Dismiss Pursuant to Rule 12(b)(6) and First Amended Motion for a More Definite Statement (docket no. 22), Plaintiff's letter dated November 10, 2009 (docket no. 23), and Plaintiff's Request for Information and Discovery Motion (docket no. 24).

**I. Background**

Plaintiff Imelda Trevino-Garcia filed this lawsuit, asserting a number of employment-related claims against Defendant University of Texas Health Science Center – School of Medicine.

On August 11, 2009, Defendant filed a motion to dismiss or, in the alternative, for more definite statement. Therein, Defendant asserted that Plaintiff had not exhausted her administrative remedies on her claims other than the Title VII (national origin), ADEA, and ADA claims, and that the ADEA and ADA claims are barred by Eleventh Amendment immunity. In its October 19, 2009 Order, the Court held that Plaintiff's ADEA and ADA claims against Defendant were barred by Eleventh Amendment immunity. *See Sullivan v. University of Tex. Health Science Ctr. at Houston*,

1

217 Fed. App'x 391 (5th Cir. 2007) ("It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver."); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 83-84 (2000) (holding that the ADEA does not abrogate Eleventh Amendment immunity); *Board of Trustees of the University of Alabama, et al. v. Garrett*, 531 U.S. 356 (2001) (holding that the Eleventh Amendment bars private suits seeking money damages for a state's violations of Title I of the ADA, which includes its employment provisions).[1]

The Court denied, without prejudice, Defendant's motion to dismiss Plaintiff's claims under the Equal Pay Act ("EPA"), the Rehabilitation Act of 1973, Executive Order 11246, the Fair Labor Standards Act ("FLSA"), and the Freedom of Information Act ("FOIA") for failure to exhaust

---

[1] To the extent Plaintiff argued that UTHSC waived its Eleventh Amendment immunity against suits under either the ADA or ADEA by accepting federal funding, this argument is foreclosed by Fifth Circuit precedent. In *Sullivan v. Univ. of Tex. Health Science Ctr. at Houston Dental*, 217 Fed. App'x 391, 395 (5th Cir. 2007), the plaintiff filed an employment discrimination claim under the ADEA. The Fifth Circuit noted that the defendant, as an arm of the State of Texas, had Eleventh Amendment immunity, but considered the plaintiff's argument that Texas waived its immunity from ADEA claims by accepting federal funding, citing 42 U.S.C. § 2000d-7(a)(1). 42 U.S.C. § 2000d-7(a)(1) provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

The Fifth Circuit concluded that the ADEA is not a "federal statute prohibiting discrimination by recipients of Federal financial assistance" under § 2000d-7 because it applies to "employers" rather than those who received federal financial assistance. The Court reasoned: "The fact that many employers received federal assistance does not mean that the ADEA is a 'statute prohibiting discrimination by recipients of Federal financial assistance.' Texas's general acceptance of federal funding does not waive its Eleventh Amendment immunity from discrimination suits." *Sullivan*, 217 Fed. App'x at 395. This same reasoning applies to Plaintiff's ADA claims.

2

administrative remedies, noting that Defendant had failed to support its motion with applicable legal precedent.

The Court noted in a footnote, however, "that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, applies only to information held by federal agencies, and does not apply to information requests from the state or its agencies, such as Defendant. *See, e.g.*, *Moreno v. Curry*, 2007 WL 4467580 (5th Cir. 2007); *Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir . 2004)." The Court further noted that "[t]he Public Information Act, Texas Government Code chapter 552 (formerly known as the Texas Open Records Act), applies to information requests from state agencies" and that "to the extent Plaintiff seeks information related to her case from Defendant, Plaintiff may utilize the discovery procedures available to her, such as requests for production under Federal Rule of Civil Procedure 34."

Last, the Court denied Defendant's motion for more definite statement of Plaintiff's Title VII claim, noting that she had alleged sufficient facts to enable Defendant to answer.

On November 10, Defendant filed a First Amended Motion to Dismiss Pursuant to Rule 12(b)(6) and First Amended Motion for More Definite Statement (docket no. 22). Therein, Defendant moves the Court to (1) dismiss Plaintiff's Equal Pay Act claim under Rule 12(b)(6) for failure to state a claim; (2) dismiss Plaintiff's claim under the Rehabilitation Act of 1973, arguing that it applies only to federal employees and federal employers; (3) dismiss Plaintiff's claims under Executive Order 11246, arguing that it only applies to government contractors and not state agencies and its at-will employees; (4) dismiss Plaintiff's FLSA claim for failure to state a claim or, alternatively, require her to replead a cognizable claim; and (5) dismiss Plaintiff's FOIA claim on the basis that it applies to federal agencies, and thus does not apply to Defendant.

## II. Analysis

**1. Rule 12(b)(6) and 12(c) standard of review**

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.*

Defendant has styled its motion as an amended motion to dismiss under Rule 12(b)(6). However, Defendant filed its Answer on October 28, 2009 (docket no. 20), and 12(b)(6) motions must be filed before an Answer is filed. Thus, the motion is more appropriately viewed as one under Rule 12(c), which applies after the pleadings are closed. In any event, the standard for evaluating 12(b)(6) motions and 12(c) motions is the same. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

**2. Motion for More Definite Statement standard of review**

Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." Thus, the relief sought in a motion for

4

more definite statement is further factual specificity in the complaint so that the defendant may prepare an answer.

**3. Analysis**

<u>1. Equal Pay Act</u>

Defendant argues that Plaintiff fails to state a claim under the Equal Pay Act, which is a part of the Fair Labor Standards Act. Under the EPA, employers are prohibited from discrimination in the payment of wages for equal work on the basis of an employee's gender. 29 U.S.C. § 206(d)[2]; *Vasquez v. El Paso County Comm. College Dist.*, 177 Fed. App'x 422, 425 (5th Cir. 2006). "To establish a prima facie case under the Equal Pay Act, [a plaintiff] must show: (1) her employer is subject to the Act[3]; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). This "necessarily requires a plaintiff to compare her skill, effort, responsibility, and salary with a person who is or was similarly situated." *Jones v. Flagship International*, 793 F.2d 714, 723

---

[2] "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

[3] The Fifth Circuit has held that the Eleventh Amendment does not bar a suit against UTHSC under the Equal Pay Act. *Siler-Khodr v. Univ. of Tex. Health Science Ctr. at San Antonio*, 261 F.3d 542 (5th Cir. 2001).

(5th Cir. 1986).[4] "If the plaintiff meets this burden, the burden of proof 'shifts to the employer to show that the differential is justified under one of the Act's four exceptions.'" *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983).

Plaintiff used a form Complaint, and checked the box for "Equal Pay Act." In her EEOC Charge, she alleged that she received "no pay raises or bonuses, and/or have received only disproportionate cost of living increases as compared to my younger Anglo cohorts and my supervisor." With regard to pay, her Complaint alleges that others under the "VP of Development have received monetary increases to include, annual increases, cost of living and/or merit or performance increases, to include the VP of Development, under the School of Medicine, EXCEPT for the Complainant, Ms. Trevino, who was NOT recognized for her accomplishments of nurturing, grooming, nor increasing the finances as a result of her plans of action and efforts being made, increasing the amount of financial growth, which was instead given credit to the aforementioned VP of Development and her supervised Director of Development, who either barely participated in her plans of actions and/or efforts or had no direct involvement at all, which distorted the perception that she was not an alleged 'Good Fit' with the Dean over the School of Medicine, desire for a 'Robust' Alumni program." Plaintiff further alleges "salary disparity of increasing difference between similarly and dissimilarly situated workers/employees under Dean Henrichs and VP D. Morrill, has been implemented in violation of their UTHSC-EEO and AA policies and obligations, and federal laws and regs., rights and Acts."

Plaintiff has failed to state a claim under the Equal Pay Act insofar as she fails to demonstrate

---

[4] In an Equal Pay Act claim, a plaintiff may make her case by comparing her salary to that of her successor. *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1137 (5th Cir. 1983).

that she was deprived of equal pay for equal work. Plaintiff points to no male employee to whom she was similarly situated who was paid more than she was for the same work. Thus, she fails to state an Equal Pay Act claim. Plaintiff will be permitted to amend her Complaint to state a claim if possible.

2. Rehabilitation Act of 1973[5]

Defendant moves to dismiss Plaintiff's Rehabilitation Act claims, arguing that it is only applicable to federal employees and federal employers. However, the Act also forbids discrimination by federal contractors (Section 793) and federal grantees (Section 794). *Butler v. Thornburgh*, 900 F.2d 871, 874 (5th Cir. 1990). The Fifth Circuit has held that, by accepting federal funds offered on explicit conditions of waiver, defendant state agencies may be sued in federal court for § 504 violations. *See Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609 (5th Cir. 2003), *Miller v. Texas Tech Univ. Health Sciences Ctr.*, 421 F.3d 342 (5th Cir. 2005); *see also* 42 U.S.C. § 2000d-7(a)(1) (providing that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794]"). Plaintiff herein alleges that Defendant has accepted federal funds and is a federal contractor, and thus it is not apparent from the pleadings that this claim should be dismissed. Defendant's motion to dismiss the Rehabilitation Act claim is denied without prejudice.

3. Executive Order No. 11246

Plaintiff alleges that she was discriminated against in violation of diverse sections of Executive Order 11246, as amended, "requiring the UTHSC to demonstrate Good Faith Efforts for

---

[5] Plaintiff states that she disagrees with the Court's decision not to allow the disparate treatment claims under the Rehabilitation Act to proceed. Docket no.23 at 3. However, the Court did not dismiss Plaintiff's claims under the Rehabilitation Act in its prior Order.

Equal Employment Opportunities (EEO) for Protected group Members under its status as a Federal Contractor and obligations for EEO and Affirmative Actions (AA) ...." Defendant moves to dismiss Plaintiff's claim under Executive Order 11246 on the basis that "Plaintiff's employment is not subject to Executive Order 11246, as she was an at-will employee of a state agency, not a government contractor or subcontractor."

Executive Order No. 11246 prohibits federal contractors and subcontractors from discriminating on the bases of race, color, religion, sex, and national original. *See* 30 C.F.R. 12319 (1965), 42 U.S.C. § 2000e note. Plaintiff argues that Executive Order 11246 does apply because Defendant receives federal funds, and also argues that Defendant is a federal contractor. Whether Defendant is a federal contractor is an issue that would require the Court to look beyond the pleadings, and is thus beyond the scope of a 12(c) motion. But in any event, the Court finds that it is apparent from the pleadings that this claim fails as a matter of law because Executive Order 11246 "does not afford a private right of action to employees." *Thomas v. Choctaw Management/Services Enter.*, 313 F.3d 910, 912 n.8 (5th Cir. 2002); *Pena v. USAA Federal Savings Bank*, 212 F.3d 594 (5th Cir. 2000) (unpublished) (affirming dismissal of private *pro se* claim by former employee against USAA because there is no private right of action); *Rogers v. Frito Lay*, 611 F.2d 1074, 1083 (5th Cir. 1980); *Jackson v. FKI Logistex*, 608 F. Supp. 2d 705 (E.D.N.C. 2009). In other words, a private party, such as Plaintiff, may not sue for violations of Executive Order 11246. Rather, the Office of Federal Contract Compliance Programs is charged with general enforcement and compliance with Executive Order 11246. *See* 41 C.F.R. § 60-1.20, 30 Fed. Reg. 12319; *Atkinson v. Sellers*, 233 Fed. App'x 268, 271 (4th Cir. 2007). Accordingly, Plaintiff fails to state a claim under Executive Order No. 11246 on which relief can be granted, and this claim is DISMISSED.

### 4. Fair Labor Standards Act ("FLSA")

Plaintiff alleges that "[t]he University's violation of compliance to the aforementioned Labor laws, in violation of its required Standard Operating Policy & Procedures for discharged employees receiving an Exit Briefing, its noncompliance to not discriminate under the relevant sections of the Executive Orders, Acts and its Obligations as a Federal Contractor for providing EEO and AA to all of its Employees, as per its internal policies and procedures, especially under its Exit Briefing and The University's violation of Texas Right to Work or as the UTHSC calls it to justify their diverse violations of multiple Fair Labor Standards "Employment at Will", as long as it's not based upon any Prohibitive Factors as mentioned in Ms. Trevino's complaint as a minimum."

Defendant asserts that Plaintiff's FLSA cause of action is incomprehensible, and the Court agrees. The FLSA, 29 U.S.C. § 201 *et seq.*, generally establishes minimum wage, overtime pay, record keeping, and child employment standards. It is not clear whether Plaintiff is attempting to assert an additional, independent claim under a provision of the FLSA or whether she is referring collectively to Defendant's alleged violations of fair labor laws (including the Equal Pay Act). To the extent Plaintiff is attempting to pursue a claim under the FLSA, Plaintiff fails to specify facts that would establish a violation of the FLSA and fails to even clearly set forth the basic nature of her FLSA claim. In accord with Defendant's alternative request, Plaintiff will be permitted to amend her Complaint. Plaintiff must allege facts and show how those facts establish a violation of a provision of the FLSA (*e.g.*, whether she was not paid minimum wage or was denied overtime pay). If Plaintiff is not intending to assert an independent FLSA claim (other than an Equal Pay Act claim), Plaintiff shall notify the Court in writing that she is not pursuing such a claim.

5. Freedom of Information Act ("FOIA") & Plaintiff's Discovery Requests

Defendant moves to dismiss Plaintiff's claim under the Freedom of Information Act, noting, as this Court previously noted, that it applies to federal agencies, not state agencies. *See Wright v. Curry*, 122 Fed. App'x 724 (5th Cir. 2004). Plaintiff appears to argue that Defendant is required to comply with FOIA because it is a federal contractor and/or receives federal funds. However, the Act defines "agency" as "each authority of the Government of the United States," which Defendant is not. Thus, Plaintiff's claims under FOIA are dismissed.

Plaintiff asserts that she has also requested certain records through the Public Information Act, located at Chapter 552 of the Texas Government Code. Upon receipt of a public information request, a state governmental body must generally provide access to the material within ten business days or seek a ruling from the Attorney General on whether it can be withheld. To the extent Plaintiff complains that Defendant has failed to comply with the Texas Public Information Act, the Court notes that Plaintiff may file a complaint with the Open Records Division of the Attorney General. The Court will not usurp the Attorney General's role in addressing complaints under the Act, and to the extent Plaintiff is asserting any claim under the Texas Public Information Act, the claim is dismissed.

Plaintiff's real complaint appears to be that she has requested certain materials from Defendant that Defendant has not produced, including her personnel file, "and/or 'all' written record(s) and documents in its custody intended for actual and/or potential use to refute [her] Charges of disparate treatment noted in this case as I perceived/believed I have suffered from while employed by the Defendant," and "any and all internal/external documentation generated by the Defendant and/or received by the Defendant in relationship to this Case, as an example only, but not

limited to: The Texas Unemployment/Work Force Commission, EEOC, UTHSCSA-School of Medicine's internal sources, as well from the Defendant's local Legal staff, all departments, Sections and/or individual staff's relevant handwritten notations and their supervisory working documents and personnel file(so), to include Human Resource, EEO/AA communications and all handwritten notations/documentations, and of any verbal communications reduced to all handwritten notations, and all relevant typed and/or computer generated documents, all written policies and procedures for use/potential usage, etc. for which the Defendant has in its custody, for intended] or potential use in this case." Plaintiff states that she requested these items in a previous filing with the Court. However, discovery requests are not filed with the Court, but are served upon the opposing party pursuant to the Federal Rules of Civil Procedure. If Plaintiff desires to request documents from Defendant, Plaintiff is directed to Federal Rule of Civil Procedure 34; Plaintiff should submit to Defendant Requests for Production that describe with reasonable particularity each item or category of items that Plaintiff seeks. (The Court notes that it is apparent that some of the information Plaintiff desires, quoted above, will not have to be produced as it is protected by the attorney-client and work product privileges. Plaintiff is instructed that Defendant may withhold certain documents, specifically documents prepared in anticipation of litigation and that contain communications between Defendant and its attorneys, pursuant to applicable legal privileges.)

Given that Plaintiff is *pro se*, Defendant is directed to work with Plaintiff to produce to her any relevant, non-privileged materials in Defendant's custody or control. To the extent Plaintiff is asking the Court to direct Defendant to provide initial disclosures, the motion is granted if Defendant has not already done so. Defendant is directed to provide Plaintiff with a copy of her personnel file and to comply with Rule 26(a)(1)(A)(ii), if it has not already done so, without need for a further

request by Plaintiff. Further, Defendant is directed to provide Plaintiff, if it has not already done so, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses," as required by Rule 26(a)(1)(A)(i).

      6. "Class Action" Suit

This Court previously denied Plaintiff's "Motion to Amend from Individual to a Class Action Suit." Plaintiff believes that the Court misconstrued her request, stating that her intent was to have the Court "not only consider me as being discriminated against by the Defendant, but to view such Employment Practices, especially for upper level management positions in the University/Defendant's workforce and UNDERUTILIZED representation of Hispanics, as a 'Class Action' pattern of DT [disparate treatment]." Plaintiff states that Dr. Richard Ortega, a Hispanic male and her former predecessor as Director of the Alumni Department "was discriminatorily treated in almost the exact manner as [she] was discriminated against by the same Ms. Deborah Morrill, VP and Chief Executive Development Officer" and thus her complaint "alleged an 'Affected Class' receiving DT." Plaintiff's use of the terms "class" and "class action" is somewhat confusing; however, the Court now understands Plaintiff's clarification as simply seeking to point to the treatment of Mr. Ortega as support for her discrimination claim. "The plaintiff may introduce in an individual disparate treatment case statistics evidencing an employer's pattern and practice of discriminatory conduct, which 'may be helpful to a determination of whether' the alleged discriminatory act against the plaintiff 'conformed to a general pattern of discrimination against' members of a protected group." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1135 (5th Cir. 1983). Thus, the Court will permit this evidence for this limited purpose, though the Court emphasizes that

it cannot permit Plaintiff to bring any claim on Mr. Ortega's behalf.

## Conclusion

Defendant's First Amended Motion to Dismiss Pursuant to Rule 12(b)(6) and First Amended Motion for a More Definite Statement (docket no. 22) is GRANTED IN PART and DENIED IN PART as follows:

> 1. The motion to dismiss the Equal Pay Act claim for failure to state a claim is GRANTED, but Plaintiff is given leave to Amend her Complaint to assert facts in support of this claim;
>
> 2. The motion to dismiss Plaintiff's Rehabilitation Act claim is DENIED without prejudice;
>
> 3. The motion to dismiss Plaintiff's claims under Executive Order No. 11246 is GRANTED because there is no private cause of action for violations of that Executive Order;
>
> 4. The motion to dismiss and/or for more definite statement of the FLSA claim is GRANTED, and Plaintiff is given leave to amend her Complaint to attempt to state an FLSA claim or shall notify the Court that she is not pursuing such a claim; and
>
> 5. The motion to dismiss the FOIA claim is GRANTED, and the Court also dismisses any claim brought under the Texas Public Information Act, as Plaintiff may file a complaint with the Attorney General.

Plaintiff shall file her Amended Complaint no later than **January 6, 2010**.

Plaintiff's "Second Motion for Documentary Evidence/Information" (docket no. 24) is GRANTED IN PART and DENIED IN PART. It is ORDERED that, if it has not already done so, Defendant shall provide Plaintiff with the materials required by Rule 26(a)(1), shall provide Plaintiff with a copy of her personnel file, and shall work with Plaintiff regarding discovery.

Plaintiff is informed that the discovery process necessarily entails direct communication between Plaintiff and Defendant, and Plaintiff should answer and return calls and written correspondence from Defendant to facilitate the discovery process and to otherwise comply with the Court's scheduling order.

SIGNED this 21st day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE